**Horace BUTLER, Petitioner–Appellant,**

v.

**James AIKEN, Warden, Central Correctional Institute, Travis Medlock, Attorney General, State of South Carolina, Respondents–Appellees.**

No. 87–4004.

United States Court of Appeals,
Fourth Circuit.

Dec. 2, 1988.

---

### ORDER

K.K. HALL, Circuit Judge.

Before the Court for reconsideration is Horace Butler's petition for rehearing with regard to his appeal of the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Butler, a South Carolina inmate, was convicted in state court in 1981 for the 1980 murder of Pamela Lane. After exhausting state remedies, Butler petitioned for federal habeas relief asserting a broad

---

range of constitutional objections to the state criminal proceedings. Finding no merit in any of his claims, the district court denied relief and we affirmed. *Butler v. Aiken,* 846 F.2d 255 (4th Cir.1988). A petition for rehearing and suggestion of rehearing en banc was subsequently denied on June 15, 1988.

In our opinion, we rejected the bulk of Butler's contentions for the reasons soundly expressed below by the district court. We addressed, in detail, only Butler's claim that his confession resulting from interrogation on murder charges following his arrest and appearance with counsel on an unrelated offense violated the "bright line" rule against reinterrogation established in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Our conclusion that *Edwards* does not bar such interrogation if properly preceded by appropriate warning and waiver in accordance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was cast into immediate and serious doubt by the Supreme Court's decision in *Arizona v. Roberson,* —— U.S. ——, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988). The *Roberson* Court expressly held that the *Edwards* rule does bar police initiated interrogation following a suspect's request for counsel in the context of a separate investigation. —— U.S. ——, 108 S.Ct. at 2099.

In light of *Roberson,* we determined that Butler's petition for rehearing should be reconsidered. Accordingly, we directed petitioner and respondents to file supplemental briefs on this issue. We have now received and examined that supplemental briefing. The petition for rehearing is, therefore, ripe for disposition.

As an initial matter, we reject respondents' effort to distinguish *Roberson* factually. We assume for purposes of decision that the appearance of counsel with Butler at a bond hearing on the assault charge for which he was first arrested conclusively demonstrated invocation of Butler's fifth amendment rights. The subsequent interrogation concerning the Lane murder, occurring during continuous custody, was contrary to the *Edwards* rule as modified in *Roberson.* If this case were before us on direct appeal, we would in all likelihood be compelled to reverse the conviction and remand for a new trial. It does not follow, however, that Butler is entitled to habeas relief based upon a rule of law that was not in effect at the time of his arrest and trial.

■ The retroactive effect of decisions such as *Roberson* in collateral proceedings is determined in accordance with three factors: (1) the purpose of the new rule of law; (2) the extent of reliance by law enforcement authorities on the old standard; and (3) the effect of retroactive application upon the administration of justice. *Allen v. Hardy,* 478 U.S. 255, 106 S.Ct. 2878, 2880, 92 L.Ed.2d 199 (1986). Although all are relevant, it is the first factor that is perhaps the most important for it is only when the new judicial formulation "enhances the accuracy of criminal trials" and "goes to the heart of the truth finding function," *Solem v. Stumes,* 465 U.S. 638, 643–45, 104 S.Ct. 1338, 1341–43, 79 L.Ed.2d 579 (1984), that retroactivity is most appropriate.

■ Applying this test to the instant case, we are fully satisfied that Butler may not claim any retroactive benefit from *Roberson.* The *Edwards–Roberson* limitations on police interrogation have only the most tangential relationship to truth finding. They are, rather, a part of the prophylactic protection accorded the fifth amendment right to counsel as a means of establishing "guidelines to the law enforcement profession." *Roberson,* —— U.S. at ——, 108 S.Ct. at 2097. The interrogation of appellant, while unquestionably contrary to the present "guidelines," was conducted in strict accordance with established law in 1980. We, therefore, conclude that Butler may challenge his presumptively valid conviction only by demonstrating that there was an actual violation of his constitutional rights in 1980. On that dispositive issue, the record discloses no support for Butler's claim for habeas relief.

It is undisputed that local authorities provided full *Miranda* warnings before questioning Butler on the Lane murder. It is further undisputed that Butler twice evi-

denced his knowing consent to interrogation without the presence of counsel by executing signed waivers. Every court that has considered this matter has concluded that the waiver of rights was uncoerced and utterly voluntary. There is, therefore, no reason to find a technical violation based upon newly announced law when the record reveals that appellant freely waived any fifth amendment protections in 1980.

For the foregoing reasons, we conclude that our initial affirmance of the district court's decision in this matter was appropriate in substance.

In a requested poll of the Court on the suggestion for rehearing en banc, Chief Judge WINTER, and Circuit Judges PHILLIPS, MURNAGHAN, SPROUSE, and ERVIN voted to rehear the case en banc; and Circuit Judges RUSSELL, WIDENER, HALL, CHAPMAN, WILKINSON, and WILKINS voted against rehearing en banc.

As the panel has considered the petition for rehearing and is of the opinion that it should be denied, and as a majority of the active circuit judges voted to deny rehearing en banc, it is ADJUDGED and ORDERED that the petition for rehearing and suggestion for rehearing en banc are denied.

ENTERED with the concurrences of Circuit Judges RUSSELL and CHAPMAN.

HARRISON L. WINTER, Chief Judge, dissenting:

I respectfully dissent from the denial of rehearing in banc because I believe that Butler's conviction was obtained in violation of applicable constitutional law. A life is at stake in this case. I have no doubt, therefore, that the validity of Butler's conviction presents a question of "exceptional importance." F.R.App.P. 35(a).

### I.

As the majority correctly states, Butler requested counsel when questioned about the offense for which the authorities were holding him. Shortly thereafter, and in the absence of that counsel, Butler was interrogated about an unrelated offense. The government obtained from him self-incriminating statements about the unrelated offense. There is no evidence that Butler initiated the interrogation that resulted in his self-incriminating statements. He was convicted by the use of those statements.

The majority expresses the view that if Butler's case were before it on direct appeal, it would "in all likelihood" be compelled to reverse the conviction and remand for a new trial. But, the majority maintains, because Butler's case is before it on denial of a petition for habeas corpus, he is not entitled to relief, as the rule of law on which he relies to bar the use of his uncounselled confession was not in effect at the time of his arrest and trial. Specifically, the majority's view is that an interrogation such as Butler's did not violate *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), until *Edwards* was "modified" in *Arizona v. Roberson,* 486 U.S. ——, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988). Because *Roberson* was not decided until after Butler's conviction became final, Butler is entitled to invoke *Roberson,* in the view of the majority, only if *Roberson* is held to be retroactive. The majority concludes that *Roberson* does not meet the test for retroactive application.

In making Butler's entitlement to relief depend upon the retroactivity of *Roberson,* the majority, in my view, incorrectly construes both *Edwards* and *Roberson.*

### II.

Imprimis, I think that Butler's confession was constitutionally inadmissible under *Edwards* standing alone. *Edwards* stated unconditionally that a suspect who has "expressed his desire to deal with police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication." 451 U.S. at 484–85, 101 S.Ct. at 1885. It is true that, in *Edwards,* the subject about which the accused was wrongly interrogated was the crime for which the authorities were holding him. But there is not the slightest suggestion in

the Court's opinion that its holding was limited by the subject of the interrogation. Indeed, the Court in *Edwards* expressly reconfirmed its previous characterization of the rule in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), as a command that, upon an accused's request for counsel, *"all* interrogation cease." *Edwards,* 451 U.S. at 485, 101 S.Ct. at 1885 (quoting *Fare v. Michael C.,* 442 U.S. 707, 719, 99 S.Ct. 2560, 2568, 61 L.Ed.2d 197 (1979) (emphasis added)).

*Edwards* was decided before Butler's trial. And even when decided, *Edwards* did not purport to create new law. *Edwards* was simply a reconfirmation of the guideline articulated in *Miranda* that if a person held for interrogation "states that he wants an attorney, the interrogation must cease until an attorney is present." *Miranda,* 384 U.S. at 474, 86 S.Ct. at 1627. Nothing in *Miranda* indicated that application of this rule was to vary with the subject of the interrogation.

In *Edwards,* the Court reviewed *Miranda* and subsequent cases recapitulating *"Miranda*'s 'rigid rule that an accused's request for an attorney is *per se* an invocation of his Fifth Amendment rights, requiring that *all* interrogation cease.' " *Edwards,* 451 U.S. at 485, 101 S.Ct. at 1885 (quoting *Fare,* 442 U.S. at 719, 99 S.Ct. at 2568 (emphasis added)). Upon so doing, the Court concluded:

> We reconfirm these views and, to lend them substance, emphasize that it is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel.

*Id.* Thus, the *Edwards* Court did not regard its holding as other than a "reconfirmation" of *Miranda.*

*Roberson* did not alter these rules of law. It simply rejected Arizona's attempt to change the rules. In the very opening paragraph of the Court's opinion, Justice Stevens, writing for the majority, described the case as one in which "Arizona asks us to craft an exception [to the *Edwards* rule] for cases in which the police want to interrogate a suspect about an offense that is unrelated to the subject of their initial interrogation." 486 U.S. at ——, 108 S.Ct. at 2096. This the Court declined to do. Instead, it expressed agreement with an earlier Arizona decision holding that *Edwards* was equally applicable whether the interrogation was about either the offense giving rise to the arrest or an unrelated offense. The opinion then documented how the Court had never departed from its holding in *Miranda,* as reconfirmed in *Edwards,* and set forth the reasons why it would not do so in the case before it.

In sum, *Roberson* says that the law *is* and *has been,* since *Miranda,* that a suspect who has expressed his desire to deal with the police only through counsel is not subject to further interrogation about *either* the crime he is suspected of having committed *or any other crime* until counsel has been made available, unless the suspect initiates further communication with the police.* There is thus no retroactivity issue presented in the instant case. Butler merely seeks to invoke the law in effect when he was tried and convicted. I think that he has the right to do so, and that he is entitled to habeas relief.

Circuit Judges PHILLIPS, MURNAGHAN, SPROUSE and ERVIN authorize me to say that they join in this dissent.

---

* My reading is reinforced by what Justice Kennedy, who was joined by the Chief Justice, wrote in dissent in *Roberson.* He rejected the majority's characterization of the case as one in which the Court was asked to "craft an exception" to *Edwards.* He asserted instead that *Roberson* was the first case in which the Court was "asked to apply *Edwards* to separate and independent investigations." 486 U.S. at ——, 108 S.Ct. at 2102. While the majority in the instant case obviously prefers this characterization of *Roberson,* I remind the majority that, as an inferior appellate court, we are bound to follow the Supreme Court majority, whether we agree or disagree.